IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MELVIN BALDWIN,** | : | |
| | : | |
| **Plaintiff,** | : | Case No.: 5:09-CV-372 (CAR) |
| | : | |
| v. | : | |
| | : | |
| **DR. BENJAMIN et al.,** | : | 42 U.S.C. § 1983 |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

*ORDER ON THE REPORT AND RECOMMENDATION*
*OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation to Dismiss [Doc. 10] the claims against Defendant Dr. Perron pursuant to 28 U.S.C. § 1915(e)(2) on a theory that Georgia's two-year statute of limitations would bar any recovery from this defendant. Plaintiff entered an Objection to the Recommendation, which essentially argues that his pursuit of an administrative remedy should have tolled the statute of limitations [Doc. 13]. The limitations period has otherwise run as to Defendant Dr. Perron. Upon *de novo* review of the Recommendation, the record, and the Objection, this Court concludes that a pending administrative grievance would toll the limitations period and, therefore, **ADOPTS in part and REJECTS in part** the Recommendation. The case may proceed against all Defendants.

Plaintiff has brought suit under 42 U.S.C. § 1983 against several physicians and officials at the Georgia Department of Corrections based on his treatment for hepatitis-C while incarcerated. He claims to have discovered the purported malpractice on July 31, 2007, after he was no longer in Defendant Dr. Perron's care. Some two years, two months, and two weeks later,

he filed this action on October 19, 2009.  As such, Plaintiff's claim against Defendant Dr. Perron would normally be time-barred.  See Thigpen v. Bibb Co., 223 F.3d 1231, 1243 (11th Cir. 2000) ("The statute of limitations for a *section 1983* claim arising out of events occurring in Georgia is two years.").

Plaintiff, however, additionally alleges that he filed an administrative grievance against Defendant Dr. Perron on August 8, 2007, which he further asserts was pending for over two years and not finally denied until October 14, 2009.  Plaintiff did not supply the Court with either the grievance or its rejection.  Nevertheless, to dismiss Defendant Dr. Perron at this stage is inappropriate in light of Plaintiff's assertion, because, at the least, Plaintiff's factual contentions present the basis for an arguable legal theory that, if properly filed, the grievance should have tolled the statute of limitations.  From the face of the complaint, therefore, the Court cannot determine whether Plaintiff's factual contentions are clearly baseless, and the claim is not based on an indisputably meritless legal theory.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).  As such, the claim against Defendant Dr. Perron must survive frivolity review.

While the Eleventh Circuit has not adopted a rule regarding the effect of administrative appeals on tolling, it has noted the practice in sister circuits of tolling the statute of limitations pending administrative exhaustion for § 1983 claims brought by prisoners.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276 (11th Cir. 2001).  Since the plain language of the Prison Litigation Reform Act, 28 U.S.C. § 1915e(a), makes exhaustion a precondition to filing this type of civil rights action in federal court, Plaintiff's filing of a grievance may have operated to toll the statute of limitations in this case.  Therefore, it would be premature to dismiss Defendant Dr. Perron prior to the development of a more complete factual record.

Having thus addressed Plaintiff's Objection, the Recommendation is hereby **ADOPTED in part and REJECTED in part**.  The case should proceed against all Defendants.

**SO ORDERED,** this 23th day of April, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

THC/chw