IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MELVIN BALDWIN, | : | |
| Plaintiff, | : | |
| | : | NO. 5:09-CV-372 (CAR) |
| VS. | : | |
| GHISLAIN PERRON, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants James E. Donald, Dr. Benjamin, Alan Adams, Brian Owens, and Dr. Sachdeva. Doc. 15. For the reasons set forth below, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. Plaintiff's claims arose during his confinement at D. Ray James State Prison (DRJ) and Wilcox State Prison (WSP). Plaintiff's primary claim is that he was improperly denied Hepatitis C Virus (HCV) treatment.[1] In part, Plaintiff attributes the denial to a Georgia Department of Corrections (GDOC) policy which allows for such treatment only when certain clinical criteria are present and only if the inmate's expected length of incarceration will permit a full course of treatment. On review of Defendants' Motion to Dismiss, all well-pleaded facts set forth in the Complaint are accepted as true. The pertinent factual allegations of the Complaint are set forth below.

---

[1] Plaintiff also alleges that the Defendants failed to provide him with pain medication and/or other medical treatment for his knee pain, nausea, stomach pain, and loss of energy. Despite this allegation, he later concedes that he has been prescribed and has received Napasin (pain medication), Zantac (nausea / stomach medication), and vitamins (for energy) for these conditions.

On August 2, 2004, during his confinement at DRJ, Defendant Dr. Perron informed Plaintiff that he had tested positive for HCV. At that time, Plaintiff requested that he be allowed to start HCV treatment. Although the Complaint does not specify the type of treatment Plaintiff desired, the facts alleged suggest that Plaintiff is referring to a course of treatment with interferon and ribavarin. See Bender v. Regier, 385 F.3d 1133 (8th Cir. 2004). Dr. Perron denied the request and explained to the Plaintiff that his condition was not severe enough to require treatment. Dr. Perron then ordered routine tests to monitor the severity of the condition and, by extension, the Plaintiff's need for HCV treatment.[2]

Plaintiff was transferred to WSP on July 31, 2007. While at WSP, Plaintiff was first seen by Defendant Dr. Benjamin. During this visit, the Plaintiff again asked to undergo HCV treatment. Dr. Benjamin refused the request. According to the Plaintiff, Dr. Benjamin then explained that the basis for this decision was the fact that the "liver counts" were not bad enough. Later, during a visit with Defendant Dr. Harris, Plaintiff renewed his request for treatment. In response, and with no mention of whether the requested treatment was medically indicated, Dr. Harris allegedly asked the Plaintiff when he expected to be released from prison. After learning that Plaintiff had a tentative parole month of September 2008, Dr. Harris denied the request and explained that, pursuant to GDOC procedure, he would need to have two or more years of confinement remaining in order for the two year long course of treatment to be approved. In response, Plaintiff stated that if he was denied parole, he wanted to start the treatment.

Plaintiff claims that he repeated his request to the doctors that subsequently examined him during his chronic care clinic visits. During one such visit, Plaintiff claims that Defendant Dr.

---

[2] In his Complaint, the Plaintiff declares "as of July 8, 2009, my liver has not been tested." While it is unclear exactly what type of liver test the Plaintiff is referring to, he appears to infer that the Defendants have not been monitoring his condition. Any argument to this effect is belied by, among other things, the Plaintiff's own reference to the results of various medical tests ordered by the Defendants.

Sachdeva refused his request for HCV treatment on the basis that his liver counts were normal. On October 11, 2009, having been denied parole as well as approval to undergo his desired treatment, Plaintiff executed the instant action. In his Complaint, Plaintiff not only brings claims against the doctors as described above, but also contends that former GDOC Commissioner James E. Donald, former GDOC Health Services Director Alan Adams, and current GDOC Commissioner Brian Owens should be held liable due to their position as policy makers. In response, and after waiving service, Defendants Donald, Benjamin, Adams, Owens, and Sachdeva filed the instant Motion to Dismiss.

## DISCUSSION

Plaintiff's Complaint fails to state a claim as against any of the above-named Defendants. To establish a constitutional violation relating to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these

requirements make clear, in the context of a lawsuit brought pursuant to 42 U.S.C. §1983, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258. Moreover, and equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and, as such, are not actionable.

In this case, Plaintiff shows in his Complaint that he has been provided with medical care and attention for his HCV and other medical conditions. This care has included periodic diagnostic procedures (blood and liver enzyme tests), regular visits to the chronic care clinic, and treatment with medication and dietary supplements. Consequently, it is apparent that the Plaintiff's claims of deliberate indifference consist entirely of his disagreement with a particular mode or method of treatment. Plaintiff believes that he is entitled to an advanced level of treatments, whereas his doctors have concluded that such treatments are not indicated by his condition. Such course of treatment claims are simply not sufficient to establish deliberate indifference. Estelle, 429 U.S. at 105; Hamm, 774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. [ ] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted). In view of the above, and to the extent that the Plaintiff is arguing that the Defendant's conduct constituted deliberate indifference, his claims are without merit.

To the extent that the Plaintiff is seeking to challenge the constitutionality of the pertinent

GDOC policy, he has once again failed to state a claim. Plaintiff's Complaint indicates that none of the doctors named in this action concluded that the Plaintiff's HCV was severe enough to merit the treatment that he requested. Indeed, the only allegations that even suggest that the severity of the Plaintiff's condition was approaching this level include Dr. Harris' inquiry into the Plaintiff's time left to serve and subsequent explanation of the time required for advanced treatment under the relevant GDOC policy. In view of Dr. Sachdeva's subsequent observations that the Plaintiff's liver counts remained normal and that he did not require such treatment, the Complaint fails to indicate that the treatment Plaintiff desired was denied pursuant to the alleged policy. Instead, the Complaint indicates that the decision to deny the Plaintiff's request was a result of the physicians' medical judgment, not their application of a GDOC policy. Because the Plaintiff has failed to make allegations sufficient to demonstrate that the GDOC policy was implicated in this matter, his challenge to the policy is unfounded and, therefore, must fail.

Accordingly, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**.

In addition to the four Defendants who filed the above Motion to Dismiss, Dr. Ghislain Perron is also a Defendant in this action. Though Dr. Perron has filed an Answer (Doc. 44) asserting, among other things, that the Plaintiff has failed to state a claim, he has not filed a Motion to Dismiss. This fact notwithstanding, in view of the Plaintiff's apparent failure to state a viable claim as against any named Defendant, **IT IS RECOMMENDED** that this action be **DISMISSED** in its entirety. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of February, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge