**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MELVIN BALDWIN,** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:09-CV-372 (CAR)** |
| | : | |
| **GHISLAIN PERRON,** *et al.*, | : | |
| | : | |
|     **Defendants.** | : | |

_____

**ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND**

**PLAINTIFF'S MOTION TO AMEND**

This matter comes before the Court on the United States Magistrate Judge's Report and Recommendation [Doc. 52], in which the Magistrate Judge recommends granting Defendants' Motion to Dismiss [Doc. 15]. Plaintiff filed an objection [Doc. 53]. The objection was also styled as a Motion to Amend, and has been separately docketed as such [Doc. 54]. Having reviewed <u>de novo</u> the Recommendation and Plaintiff's objections, the Court agrees with the Magistrate Judge's recommendation that Defendants' Motion to Dismiss be granted. Accordingly, the Magistrate Judge's Order and Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Additionally, the Court finds that Plaintiff's proposed amendment would be futile; thus, Plaintiff's Motion to Amend [Doc. 54] is **DENIED**.

The Magistrate Judge recommends dismissing Plaintiff's complaint because it fails to state a claim for relief. The Magistrate Judge found that Plaintiff could not demonstrate deliberate indifference to a serious medical need because his claim is based solely on a disagreement with the particular mode or method of treatment he has received. Specifically, the Magistrate Judge found

1

that Plaintiff has been provided with medical care and attention for his hepatitis C and other medical conditions, and that Plaintiff's allegation of deliberate indifference was based on his disagreement with his doctors' decision that more aggressive treatment was not medically indicated. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

Plaintiff's objections fail to demonstrate that the Magistrate Judge's Report and Recommendation is erroneous. Plaintiff points to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004). In that case, the Eleventh Circuit held that a prisoner stated a deliberate indifference claim by alleging that the defendants had completely withdrawn the prescribed treatments for his conditions – HIV and hepatitis. Id. at 1352. This case, however, differs in a key way from Brown. Plaintiff does not allege that Defendants have completely withdrawn the prescribed treatment for condition. Instead, he alleges, both in his complaint and in his objections, that Defendants denied him the more aggressive treatment he desired because his "liver counts [were] not bad enough" to justify that treatment. Far from ignoring his condition, Plaintiff's allegations show that Defendants have continued to monitor his condition, and that his desired treatment is not yet the "prescribed" treatment for his condition. Brown, 387 F.3d at 1352. Instead, the prescribed treatment at this juncture is the pain and nausea medication that Plaintiff currently receives. Unlike Brown, Defendants have not completely withdrawn Plaintiff's prescribed treatment.

As noted above, Plaintiff's objections were also styled as a Motion to Amend. In that respect, Plaintiff raises one pertinent factual allegation. Plaintiff alleges that during chronic clinic visits at one time or another, doctors stated that if he were their patient outside of prison, they would prescribe treatment for his liver that the Georgia Department of Corrections Policy ("the Policy") would not yet allow [Doc. 53 at 5]. The Court notes that this previously unmentioned allegation is extremely vague both as to the time and circumstances under which these alleged statements were

made and as to which doctors made these statements. Nevertheless, the Court accepts it as true for purposes of ruling on Plaintiff's Motion to Amend.

When considering a motion to amend, a district court should consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Even accepting Plaintiff's allegation as true, his complaint is still subject to dismissal. At most, the allegation indicates that, absent the Policy, some of Plaintiff's doctors may have administered his desired treatment at a different threshold level of liver function than dictated by the Policy. Even according to Plaintiff's allegations, however, there is a policy in place, and the policy would dictate the course of treatment he desires when he meets the criteria. Nothing in Plaintiff's allegations indicate that the Policy's criteria are set in a way that constitutes deliberate indifference to a serious medical need. Because Plaintiff's complaint is still subject to dismissal even accepting his new allegation as true, amendment would be futile.

## CONCLUSION

In accordance with the Report and Recommendation of the United States Magistrate Judge, Defendants' Motion to Dismiss [Doc. 15] is **GRANTED**. Plaintiff's claims are dismissed as against all Defendants. And as set forth above, Plaintiff's proposed amendment is futile. Accordingly, Plaintiff's Motion to Amend [Doc. 54] is **DENIED.**

SO ORDERED this 23rd day of March, 2011.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT


bcw